**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

| | |
|---|---|
| **GULLIE R. HARRIS, individually and as** **Administratrix of the ESTATE OF MARY ANN TALLEY, deceased, EZEKIEL TALLEY JUNIOR, LAWRENCE TALLEY, LEUVENIA HOWELL and LESLIE TALLEY, heirs at law of MARY ANN TALLEY** | **PLAINTIFF** |
| **V.** | **CASE NO. 3:04CV148** |
| **HOLLY SPRINGS HEALTH & REHABILITATION CENTER; NATIONAL HERITAGE REALTY GROUP, INC.; MARINER HEALTH CARE MANAGEMENT COMPANY, INC.; and various JOHN AND JANE DOE NURSES, NURSE ASSISTANTS, AIDES and other EMPLOYEES OF HOLLY SPRINGS HEALTH & REHABILITATION CENTER, jointly and severally** | **DEFENDANTS** |

**MEMORANDUM OPINION**

This cause comes before the Court on the defendant's motion for summary judgment [92-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

Gullie Harris, administratix of the estate of Mary Ann Talley, along with the legal heirs of Mary Ann Talley, filed this medical negligence cause of action against the defendants, Holly Springs Health and Rehabilitation Center ("HSHRC") and numerous fictitious defendants. The defendants operate a nursing home facility that provides medical and living assistance to individuals who require various levels of care. The plaintiffs' claim is based upon the level of care afforded to Mary Ann Talley while she resided at HSHRC. The plaintiffs allege that HSHRC's failure to properly care for Mary Ann Talley resulted in Ms. Talley developing infected bedsores which made it necessary to amputate her leg.

On April 7 and 8, 2004, the plaintiffs designated Dr. Brooks Monaghan, a general surgeon, and Dr. Ernie Lowe, an orthopedic surgeon, as expert witnesses. In April of 2005, the plaintiffs designated LaDonna K. Northington as an additional expert witness. Ms. Northington is a registered nurse and associate professor of nursing at the University of Mississippi Medical Center's School of Nursing. The defendants have filed a Motion for Summary Judgment asserting that both Dr. Lowe and Dr. Monaghan have no opinions regarding the standard of care provided to Mary Ann Talley by the staff of HSHRC . The defendants argue that without expert testimony, the plaintiffs have failed to meet the criteria to establish a prima facie case of medical negligence.

In response, the plaintiffs point to the designation of Northington as an expert witness and outline her testimony as to the standard of care afforded to Mary Ann Talley by HSHRC. The defendants' reply asserts that Northington is not qualified to testify about the standard of care, breach of that standard, or any injury proximately caused by a breach of the standard of care since her primary field of study is pediatrics rather than geriatrics.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe.

Reeves, 120 S.Ct. at 2110.

To establish a prima facie case of medical negligence under Mississippi law, a plaintiff must show: (1) the existence of a duty on the part of a physician to conform to a specific standard of care; (2) a failure to conform to the standard of care; and (3) an injury to the plaintiff proximately caused by a breach of the standard of care. Cleave v. Renal Care Group, Inc., 2005 WL 1629748 (N.D. Miss. July 11, 2005) (relying on Williams v. Massey, 982 F.Supp. 413, 415 (N.D. Miss. 1997)). Expert testimony is necessary to establish the applicable standard of care, breach of that standard and proximate cause. Cleave, 2005 WL 1629748 at 3.

In its motion, HSHRC argues that both Dr. Lowe and Dr. Monaghan cannot and will not testify that any medical care provider at HSHRC failed to conform to the standard of care. HSHRC points to the depositions of the two doctors and their statements that they have no basis for any opinions about the standard of care provided by the nursing home staff. However, Dr. Monaghan's testimony at his deposition reveals his opinion that a causal connection exists between bed sores and amputation. When asked if the bedsores contributed to the establishment of the gangrene and in turn necessitated the amputation of Mary Ann Talley's right leg, Dr. Monaghan replied in the affirmative. He further stated that his opinion was to a reasonable medical certainty. Even though Dr. Monaghan, by his own admission, may not be able to testify as to the standard of care provided by HSHRC, he may be able to testify as to the causal connection between bed sores requiring future amputation.

Furthermore, as the plaintiffs note, Northington will offer testimony regarding both the standard of care provided to Mary Ann Talley, as well as, the causal connection between the bedsores and the amputation of Mary Ann Talley's right leg. HSHRC challenges Northongton's fitness as an expert on causation arguing that as a registered nurse, her license does not allow her to

diagnose and/or prescribe treatments and/or medications and her experience and training, primarily in pediatrics, prohibits her from rendering an opinion regarding to the nursing home environment. The Court is not persuaded on the basis of the record before it that Northington is unqualified to offer the proffered testimony. Any specific objections to Northington as an expert are reserved for trial. Furthermore, assuming *arguendo*, that Northington lacks the ability to render an expert opinion regarding causation, she may be qualified to offer expert testimony on the standard of care as it relates to nursing.

## **CONCLUSION**

Based on the foregoing analysis, the Court finds that the proposed testimony of Ms. Northington regarding the standard of care provided to Mary Ann Talley by HSHRC coupled with the proposed testimony of Dr. Monaghan regarding the causal connection between bedsores and amputation establishes a prima facie case of medical negligence sufficient to survive summary judgment.

ACCORDINGLY, it is hereby ORDERED that the defemdant's motion for summary judgement [92-1] is DENIED

This is the 26th day of September 2005.

                                                      **/s/ Michael P. Mills**
                                                   **UNITED STATES DISTRICT JUDGE**